

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,166-01

### EX PARTE HARRY JOSEPH COHEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1415350 IN THE 180th DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of forgery and sentenced to twelve months imprisonment in state jail. He did not appeal his conviction.

Applicant contends, and the trial court finds, the State notified the Applicant of potentially exculpatory information regarding the complainant in this case after Applicant had been convicted. However, the trial court has entered no specific conclusions of law regarding the Applicant's claim and makes no recommendation regarding relief.

Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. Maryland*, 373 US 83 (1963). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

It appears from the record that Applicant is currently represented by habeas counsel. However, if this is no longer true, and if the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the State's untimely notification entitles the Applicant to relief under *Brady*. . The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: May 20, 2015
Do not publish